# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-31093
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

September 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELVIN LEWIS, II,

Defendant-Appellant

———————

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-148-1

———————

Before JONES, WIENER, and PRADO, Circuit Judges.

PER CURIAM:*

Melvin Lewis, II, appeals from his 30 convictions for mail fraud, in violation of 18 U.S.C. § 1341. He argues that the evidence produced at the bench trial was insufficient to prove beyond a reasonable doubt that he had the requisite specific intent to defraud because there was no evidence showing that he was aware that the theories underlying his letters demanding payment of money damages were mistaken or wrongful.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31093

In reviewing his claim, we view the evidence in the light most favorable to the Government and defer to reasonable inferences drawn by the district court. *United States v. Esparza*, 678 F.3d 389, 392 (5th Cir. 2012). To show an intent to defraud, the Government "must prove that the defendant contemplated or intended some harm to the property rights of the victim." *United States v. Leonard*, 61 F.3d 1181, 1187 (5th Cir. 1995). The requisite intent to defraud is also established if the defendant "act[ed] knowingly with the specific intent to deceive for the purpose of causing pecuniary loss to another or bringing about some financial gain to himself." *United States v. Blocker*, 104 F.3d 720, 732 (5th Cir. 1997) (internal quotation marks and citation omitted).

Our examination of the record supports the district court's specific finding that Lewis had the requisite specific intent to defraud the victims in this case. Lewis's letters demanded payment on baseless legal theories accompanied with threats of escalating payments, liens, and, in some instances, formal criminal charges. Lewis followed through in many instances by actually filing liens against many of the victims' personal residences. He continued in this course of action even after a Louisiana state court ruled against him, prohibited him from contacting many of the victims in this case, and ordered him to remove all liens he filed against those victims. His claim that he lacked the requisite intent because he was mistaken as to the validity of his underlying legal theories lacks evidentiary support. *See United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998). Instead, the surrounding facts and circumstances support the district court's finding of intent. *See United States v. Aubrey*, 878 F.2d 825, 827 (5th Cir. 1989).

Accordingly, the district court's judgment is AFFIRMED.